[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant herein, by motion dated August 16, 1991, moved to cite in as additional plaintiffs, Dina Katz Ingersole and Robert Ingersole, individually, as sole owners of the plaintiff corporation. On October 15, 1991, said motion to cite was granted and the said additional parties were served on October 16, 1991, and made their appearances on April 15, 1992 through counsel.
The defendant, Alenter, Inc., alleges a CUTPA violation in its third count.
The defendant, Alenter, Inc., alleges a CUTPA (General Statutes, Sec. 42-110b(a)) violation stating that the Ingersole's conduct was unfair and/or deceptive by representing themselves as professional and experienced operators of tennis and fitness facilities in entering into a lease option to purchase with Alenter, Inc.
The Ingersoles have moved to strike the third count of the Alenter, Inc. complaint claiming that the allegations of the third party defendant's conduct are legally insufficient and do CT Page 4588 not come within the ambit of the proscribed conduct set forth in General Statutes, Sec. 42-110b(a). Only the Ingersole's have filed a memoranda.
Connecticut General Statutes, Sec. 42-110(b)(a) states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The act defines trade of commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Connecticut General Statutes, Sec. 42-110a(4).
CUTPA was designed to "put Connecticut in the forefront of state consumer protection." 16 H.R Proc., Pt. 14, 1973 Session, p. 7324. (Remarks of Representative Howard A. Newman.)
The court, having examined the pleadings in this case, the applicable statutes and case law, and having heard the argument s of both counsel, grants the motion to strike the third count of Alenter, Inc.'s complaint.
There are no allegations sufficient to show CUTPA violations in this case. Taking into account the purpose behind CUTPA (the protection of consumers from unfair/deceptive practices), the allegations in count three herein would not support a cause of action under CUTPA.
RODRIGUEZ, J.